Smith, J.
The court of common pleas, having, by its final decree, enjoined the defendants from proceeding to hold an election for a director of the Linwood Furniture Company, in place of Mr. Griffis, and the defendants having appealed to this court, have applied to us, under sec. 5285, Rev. Stat., for the suspension of injunction. The application is made on the pleadings in the case, viz.: On the petition, which alleges that Griffis, at the time of his election, was, and ever since has been, a stockholder of said company, and eligible to such office, and that his term of office has not expired, and that he is now a legal director of said company, but that the defendants (who are stockholders,and some of whom are also directors of said company), are about to hold an election for a director of said company, as if his office were vacant, to fill *655 the same, with the purpose and intent thereby to wrongfully obtain for their own ends a majority in said board. A demurrer to this petition was filed in the court of common pleas, but it was overruled by the court, and an answer was then filed denying that Griffis was a stockholder at the time of his election, or ever afterwards, and averring that his office was vacant, and, practically admitting that they propose to hold the election, and fill such vacancy, as they may rightfully do.
Paxton, Warrington & Boutet, Kxamer & Kramer and Walter L. Granger, for the motion to suspend the injunction.
Peck & Shaffer, Follett & Kelley and E. P. Bradstreet, contra.
On this state of the case, we are of the opinion that the holding of such election would not produce such great or irreparable injury to the plaintffs as would warrant the issue of such an injunction against the same; that where, as here, there is controversy as to the fact whether there is, or is not, a vacancy in the office which should be filled, the election should be allowed to proceed, so that the person entitled may, in accordance with the law, test his right and that of Griffis to the office.
If, however, there should be an election, and the person chosen, or the defendants thereto, should attempt by other than legal means to gain possession of the office, we would, in this case, hear an application to enjoin them from so doing, and would be disposed to grant it. The title to the office should be tried in a proceeding in quo warranto, and not in an injunction proceeding. We think that counsel for the defendants should agree that other steps will not be taken to obtain possession of the office by the person elected, by force or otherwise, and with this understanding the injunction will be suspended until further order of the court.